UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:25-cr-236-SPC-NPM

RUDY PEREZ

_____

**OPINION AND ORDER**

Before the Court is non-party Meta Platforms, Inc.'s ("Meta") Time Sensitive Motion to Quash Subpoena (Doc. 59) and Defendant Rudy Perez's response (Doc. 61).  For the below reasons, the Court grants the motion.

Defendant was indicted for coercion and enticement of a minor to engage in sexual activity, receipt and possession of child pornography, and transfer of obscene matter to a minor.  (Doc. 23).  The indictment resulted, in large part, after Lee County Sheriff's Officer Detective Summer Leonard reviewed, without a warrant, Defendant's private Instagram messages to a minor requesting naked pictures and that the minor engage in sexual acts.  Detective Leonard received the incriminating messages in a CyberTipLine Report from the National Center for Missing and Exploited Children ("NCMEC").  NCMEC, in turn, received the messages from Instagram, Inc. and Facebook Reporting. Two individuals from these private companies were monitoring the chat and

discovered the messages.[1]  So Instagram and Facebook reported the incident to NCMEC per federal law.[2]

Defendant moved to suppress the Instagram messages (among other evidence), arguing Detective Leonard's warrantless search of his messages violated the Fourth Amendment.  (Doc. 37).  But considering two private individuals from Instagram reviewed the incriminating messages first, the Government relied on the private search doctrine.  (Doc. 42).  Under this doctrine, "a prior private search excuses the government from getting a warrant to repeat the search but only when the government's search does not exceed the scope of the private one."  *United States v. Montijo*, No. 2:21-CR-75-SPC-NPM, 2022 WL 93535, at *3 (M.D. Fla. Jan. 10, 2022) (citing *Walter v. United States*, 447 U.S. 649 (1980) and *United States v. Jacobsen*, 466 U.S. 109 (1984)).

During the suppression hearing, Defendant tried to avoid the private search doctrine by casting doubt on whether individuals from Instagram reviewed the messages (as opposed to, say, artificial intelligence).  If no one

---

[1] The CyberTipLine Report stated that a person at Facebook reviewed the messages before sending them to NCMEC.  (Doc. 42-1 at 6).  And Mariaveronica Rivas, a custodian of records from Meta and team analyst on Meta's law enforcement response team, testified during a recent suppression hearing and submitted two declarations confirming that two humans reviewed the offending messages before they were sent to NCMEC.  (Doc. 62 at 75:7–9, 90:24–25, 93:4; Doc. 59-2; Doc. 59-3).  This CyberTip did not involve hash-matching.

[2] Instagram and Facebook are both subsidiaries of Meta.

from Instagram reviewed them then, arguably, Detective Leonard's warrantless search of the incriminating messages exceeded Instagram's search and violated the Fourth Amendment.

In preparation for the suppression hearing and to determine whether a human from Instagram first reviewed the incriminating messages, Defendant issued a Rule 17(c) subpoena duces tecum to Meta seeking documents identifying the two "humans" who reviewed his incriminating messages. (Doc. 59-1). The day before the suppression hearing, Meta moved to quash the subpoena, arguing the request is unreasonable and oppressive.[3] (Doc. 59). "On motion made promptly, the Court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Although Meta moves to quash, Defendant—as the party seeking to enforce the subpoena—carries the burden. *See United States v. Ambrose*, No. 8:23-CR-13-KKM-CPT, 2025 WL 2373534, at \*20 (M.D. Fla. Jan. 3, 2025) (explaining the burden of proof on a motion to quash a Rule 17(c) subpoena rests with the defendant requesting the subpoena).

Federal Rule of Criminal Procedure 17(c) governs the use of subpoena duces tecum in criminal proceedings. The rule "was not intended to provide an

---

[3] Six days after the suppression hearing, Defendant responded to Meta's motion. (Doc. 61). Defendant never asked the Court to continue the suppression hearing until this motion to quash was resolved. The Court has since denied Defendant's motion to suppress (Doc. 63), but this subpoena dispute remains.

additional means of discovery for any party in criminal cases." *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).  Rather, its purpose is "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy*, 341 U.S. at 220.

To obtain production prior to trial under Rule 17(c), a defendant must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974).  Thus, to overcome a motion to quash, a defendant "must clear three hurdles: relevancy, admissibility, and specificity." *Id.* at 700.  "A subpoena that fails to satisfy these three requirements will be deemed unreasonable or oppressive and must be either quashed or modified." *United States v. Zahn*, No. 3:22-CR-23-BJD-MCR, 2022 WL 17811346, at *6 (M.D. Fla. Dec. 19, 2022) (citation omitted).

Defendant fails to satisfy the specificity requirement.  He seeks to identify the two humans from Instagram who reviewed the incriminating messages, which he argues is relevant to confirm (or contest) human review occurred.  But Defendant already tried this tactic during the suppression

4

hearing.  As mentioned above, Rivas explained that, though she does not know these individuals' identities, Meta's internal systems showed that two humans reviewed the messages.  (Doc. 62 at 90:13–14, 24–25).  Although Defendant hopes to disprove that human review occurred, there is no reason to believe it did not.  And "a Rule 17(c) subpoena cannot properly be issued upon a belief or mere hope of finding relevant and admissible information."  *United States v. Hastie*, No. CR 14-00291-CG-N, 2015 WL 13310085, at *1 (S.D. Ala. Apr. 21, 2015) (quotation marks omitted) (citing *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996)); *see also United States v. Winner*, No. CR 117-034, 2018 WL 1998311, at *2 (S.D. Ga. Apr. 27, 2018) (citing *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010)) ("[T]he hope of obtaining favorable evidence does not justify the issuance of [a Rule 17(c)] subpoena.").

On that score, it is evident Defendant does not know whether the subpoenaed documents exist.  Rule 17 only reaches "specifically identified documents[.]" *Silverman*, 745 F.2d at 1397.  But Defendant's subpoena broadly seeks "*all* written or electronic documents, records, data, or writings of *any kind*" relating to the CyberTip "including, but not limited to, *all* written or electronic records listing the 'humans' who reviewed" the CyberTip, as well as "*all* written or electronic documents, records, data or writings" identifying the relationship between Meta and the two humans.  (Doc. 59-1 (emphasis added)). "Many courts have rejected such broadly worded subpoenas."  *Ambrose*, 2025

WL 2373534, at *21 (quashing Rule 17 subpoena that broadly requested "any" record or communication pertaining to "any" policy decision); *Winner*, 2018 WL 1998311, at *2 ("Numerous courts have rejected Rule 17 subpoenas that, like Defendant's here, broadly request 'any and all' documents."). Indeed, the broad document request reveals Defendant is on a fishing expedition. *See Ambrose*, 2025 WL 2373534, at *21 (finding criminal defendant failed to meet his burden regarding specificity because "it is evident at the outset that [the defendant] does not seek to subpoena documents he 'knows' exist"); *United States v. Singla*, 692 F. Supp. 3d 1341, 1363 (N.D. Ga. 2023) ("Defendant's request [for "any" report] makes clear that he does not know if such a report even exists.").

In short, Defendant seeks to improperly employ Rule 17(c) as a means for discovery. So the Court finds Meta's compliance with the subpoena would be unreasonable and quashes it.

Accordingly, it is now **ORDERED:**

Non-Party Meta's Motion to Quash (Doc. 59) is **GRANTED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record
         Meta Platforms, Inc.

6